IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-75-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **MEMORANDUM & RECOMMENDATION** |
| | ) |
| CRUZ EDUARDO VALENCIA-ADATA | ) |
| a/k/a MARCO ANTONIO VALENCIA, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court with regard to Defendant's Motion to Dismiss Indictment for Multiplicity [DE - 23]. The government responded [DE - 26], and the motion is ripe for decision.

## STATEMENT OF THE FACTS

Defendant was initially indicted by the Grand Jury on March 14, 2008, for possession of firearms by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924, possession of firearms by an illegal alien, 18 U.S.C. §§ 922(g)(5) and 924, and re-entry into the United States without permission after previous removal, 8 U.S.C. § 1326. On May 28, 2008, the Grand Jury charged Defendant in a superceding indictment, which added one additional count of conspiracy to distribute 500 grams or more of cocaine, 21 U.S.C. § 846. The three counts from the initial indictment were reiterated in the superceding indictment. The charges of possession of firearms by a convicted felon and possession of firearms by an illegal alien are the basis for Defendant's motion.

## DISCUSSION

Defendant argues that the indictment is multiplicitous, or charges a single offense in multiple counts, with respect to the charges of possession of firearms by a convicted felon and possession of firearms by an illegal alien. Defendant asserts that as a result of the mutiplicitous indictment he is placed in jeopardy twice for the same offense in violation of the Constitution's Eighth Amendment. Defendant seeks dismissal of the indictment or for the Court to order the government to elect between the two charges at issue. The government contends that the two charges are not the same offense and that double jeopardy concerns are not implicated by the indictment. Alternatively, the government argues that any multiplicity issue should be addressed at sentencing and that dismissal of the indictment is inappropriate.

As an initial matter, the Court must determine whether the indictment is in fact multiplicitous with respect to the charges under sections 922(g)(1) and (g)(5). Section 922(g) prohibits nine enumerated classes of people from possessing guns, including convicted felons and illegal aliens. 18 U.S.C. §§ 922(g)(1) - (9). The Fourth Circuit Court of Appeals held in the case of United States v. Dunford that a person who falls under multiple classes prohibited from gun possession under section 922(g) does not commit separate multiple offenses. United States v. Dunford, 148 F.3d 385, 389 (4th Cir. 1998). The indictment charges Defendant with two counts under section 922(g), possession of firearms by a felon and possession of firearms by an illegal alien, and is consequently a multiplicitous indictment.

Having concluded that the indictment is multiplicitous, the question becomes one of remedy. The Fourth Circuit Court of Appeals in Dunford noted that Dunford did not

allege that the multiplicity was fatal to the indictment and cited for comparison the case of United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997), cert. denied, 525 U.S. 829 (1998), which concluded that the district court did not abuse its discretion in denying defendant's pretrial motion to dismiss a multiplicitous indictment charging separate counts for violation of sections 922(g)(1) and (3). Dunford, 148 F.3d at 390 n.1. The Fourth Circuit, in the later case of United States v. Shorter, 328 F.3d 167 (4th Cir. 2003), determined there was no error where the district court found Shorter guilty on two separate counts for violations of sections 922(g)(1) and (3), but then merged "the duplicative counts into a single conviction" for sentencing purposes. Id. at 173. The Fourth Circuit has explained in multiple cases the reasoning behind this result:

> The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense; hence reversal is warranted if the defendant actually was convicted on multiplicitous counts **and subjected to multiple punishments**. [1 Charles A. Wright, Federal Practice and Procedure § 145, at 524-26 (2d ed. 1982)]. Even where the defendant has suffered multiple convictions and faces multiple sentences, the appropriate remedy is to vacate all of them but one. See Ball v. United States, 470 U.S. 856, 864-65, 105 S.Ct. 1668, 1673-74, 84 L.Ed.2d 740 (1985).

United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993)(emphasis added), cited in United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005); United States v. Colton, 231 F.3d 890, 910 (4th Cir. 2000). The district court's freedom to fashion a post-trial remedy, such as merging or vacating multiplicitous convictions, nullifies the risk that Defendant will receive multiple sentences if convicted under both sections 922(g)(1) and (5). Consequently, the Court will not dismiss the indictment.

Alternatively, Defendant asks the Court to order the government to elect one of the section 922 counts to proceed under. It is within a court's discretion to require the government to do so, principally in order to minimize the risk of prejudice to a defendant

with the jury by the mere bringing of the charges. See U.S. v. Deloach, 208 F.3d 210, *1 (4th Cir. 2000)(unpublished op.)(citing Johnson, 130 F.3d at 1426); United States v. Reed, 639 F.2d 896, 904-05 n.6 (2d Cir. 1981). Defendant has provided no evidence of potential prejudice from allowing the government to proceed under both counts, while there is risk to the government that Defendant could be acquitted of one charge and convicted on the other. Forcing the government to elect one charge over the other could prejudice the government's ability to obtain a conviction, and the Court declines to so order.

## CONCLUSION

For the reasons set forth above, the court **RECOMMENDS** that Defendant's Motion to Dismiss [DE-23] be **DENIED**. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 14th day of August 2008.

DAVID W. DANIEL

United States Magistrate Judge