UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | SENTENCING MEMORANDUM AND |
| | ) | MOTION FOR DOWNWARD VARIANT |
| | ) | SENTENCE |
| | ) | |
| CRUZ EDUARDO VALENCIA-ADATA | ) | 5:08-CR-75-FL |
| a.k.a. "Marco Antonio Valencia" | ) | |

NOW COMES the defendant herein, CRUZ EDUARDO VALENCIA-ADATA, by and through his counsel, David B. Freedman, and hereby provides this Court with this Memorandum in aid of sentencing, regarding certain issues raised in the guilty plea, Plea Agreement, and Presentence Report, previously filed herein, and in support thereof does state as follows:

**INTRODUCTION**

Defendant was convicted on January 7, 2009, after entering a guilty plea to Counts 1, 2, and 3 of an Information and Waiver of Indictment. A Memorandum of Plea Agreement was filed that same date reciting certain factors that necessarily will impinge upon the sentencing of this matter. Other considerations remain an issue with regard to sentencing and are specifically set out in Defendant's Response to Presentence Report and include Defendant's objection to the Base Offense Level in paragraph 39 of the Presentence Report, disputing the proposed amount of cocaine listed in the offense conduct and contending that he should be held accountable for in excess of 5 kilograms of cocaine. Defendant further contends that he should

1

not be held accountable for any amount of methamphetamine as he was not charged with nor did he plead guilty to transacting in any manner in that controlled substance. He contends that the information is both unreliable and untrue.

The amounts of drugs proposed to be attributable to Defendant are computed primarily from information provided by one Julian Avilez, an inherently unreliable or, minimally, a very dubious source, bent on obtaining favor from the Government. It is noted that Julian Avilez's information, if taken as wholly true, just exceeds the 30,000 kilogram marijuana equivalence requisite for a base offense level of 38. Defendant maintains that the base offense level should be no more than 34, computed on the basis of 3,000 - 10,000 kilograms of marijuana, applying equivalency principles although Defendant maintains that no methamphetamine should be used in any calculation. Defendant's objection to the Presentence Report includes a contention that the proper amount of cocaine attributable would be at least 5 kilograms but less than 15 kilograms of cocaine, i.e., level 32. At this juncture, Defendant believes a reasonable and supportable approximation would more fairly set at 15-50 kilograms.

Defendant additionally objected to a proposed 3B1.1(a) 4 level enhancement for organizer or leader of criminal activity involving 5 or more participants or being otherwise extensive and contends that such an upward adjustment is unwarranted. Once again, the information supporting the same is fairly characterized as more than dubious, as it is related by the cooperation-motivated Auilez.

It is noted that the Defendant adamantly denies Julian Avilez's allegations regarding both the large quantities of cocaine he supposedly observed in the Defendant's possession as well as Avilez's assertions about Defendant being an organizer or leader of criminal activity

2

involving five or more participants. Avilez's uncorroborated and unsubstantial assertions improperly inflate Defendant's Base Offense Level from 34 to 38 and his 3B1.1(a) assertions against Defendant result in another unwarranted 4 level increase in Defendant's's total offense level. Without Avilez's unreliable allegations, Defendant's total offense level should properly be set at 33 not 41, yielding an advisory guideline range of 151-188 months.

Defendant has disputed Avilez's allegations from the outset and continues to challenge their accuracy and veracity as being devoid of the requisite indicia or reliability to establish a basis for their probable accuracy under 6A1.3.

Defendant further contends that the law in this Circuit clearly mandates that when there exists doubt as to drug quantities or where the same must necessarily be judicially estimated, a sentence at the low end is appropriate. This principle is particularly appropriate when a Court engages in cash conversion estimations.

The Defendant submits that is axiomatic that he has a due process right not to be sentenced on the basis of materially incorrect or "over-inflated" allegations.

**ARGUMENT**

The Defendant obviously faces a substantial term of incarceration as a result of his convictions in this matter. In addition to the specific objections set out above regarding the Probation Office's calculations, the Defendant urges the Court to sentence him in such a manner as to invoke the parsimony provision, §3553(a), which mandates that "the Court shall impose a sentence sufficient, *but not greater than necessary* to comply with the purpose set forth in paragraph (2) of the subsection." (emphasis added)

Post -<u>Booker</u>, as this Court well knows, the U.S.S.G. are now but one of the factors

3

under §3553(a). As the U.S.S.G. now no longer are mandatory for the imposition of sentences, Judges are free to exercise judicial discretion in crafting just and appropriate sentences for particular defendants. In the 18 plus years the U.S.S.G. were in place as a mandatory requirement for sentencing, it became clear that attempting to apply hard and fast rules, like those of physics, to the infinite variety of actions and circumstances of humans, was ultimately a fruitless exercise.

To treat the Guideline as presumptive is to concede the converse, i.e., that any sentence imposed outside the Guideline range would be presumptively unreasonable in absence of clearly identified reasons. If presumptive, the Guideline would continue to overshadow the other factors listed under section 3553(a), causing as imbalance in the application of the statue to a particular Defendant by making the Guidelines, in effect, sill mandatory. United States v. Myers, 353 F. Supp.2d 1026, 1028 (S.D. Iowa 2005).

Although Defendant's offenses of conviction must be characterized as significant, factors militate an argument that a sentence substantially less than that recommended by Probation is appropriate. Defendant's criminal history category of II, while not insignificant occurred well over ten years prior to the instant offenses. The defendant and his wife have four children, ages 5 to 15, and his removal from them for a thirty year period is excessive. The Defendant is a relatively young man, now age 34, and will, of course, be deported upon completion of whatever sentence is imposed by this Court. While substantial incarceration seems likely, perhaps these offenses should not encompass the vast majority of the Defendant's life expectancy. The Defendant contends that a significant sentence, consistent with the parsimony provision referred to above, would be sufficient to satisfy all prongs of the stated goals of sentencing.

Defendant would also argue that a significant sentence would result in dramatic and severe consequences should he ever enter this country again after deportation, as there exists an automatic 16 level upward adjust upon illegal re-entry *even if he engages in* no unlawful activity. If he engaged in another drug offense he would, of course, be subject to mandatory life.

It can fairly be stated that <u>Booker</u>, and subsequent decisions such as <u>Gall</u>, <u>Kimbrough</u>, and the like are not invitations for sentencing Courts to do business as usual. It is upon these cases and their progeny, that the Defendant appeals for an exercise of the Court's sentencing discretion.

The Defendant's argument is essentially that the advisory Guideline range truly creates a sentence greater than necessary in this case. Instructive on this argument is <u>United States v. Benkahla</u>, 2008 US App Lexis 13302, June 23, 2008. In that case, the Fourth Circuit upheld the Appellant's conviction after a jury trial. The case involved false declarations, false statements, and obstruction of justice in regard to crimes connected to radical Islamic terrorism and violent jihad.

At Benkahla's sentencing, the pivotal issue was the application of the terrorism enhancement of U.S.S.G §3A1.4 (2007). In Benkahla's particular case, the application raised the advisory guideline from 33 to 41 months to a range of 210 to 262 months, a more than six fold increase. The Trial Court believed that the totality of circumstances, particularly 18 U.S.C. §3553(a) merited a variance or a downward departure under §4A1.3 and imposed a sentence close to one-half of the bottom of the advisory guidelines, i.e., 121 months. The Government conceded in the Appellate Court that the sentence imposed "does not constitute an abuse of

5

discretion" when treated as a variance. The Fourth Circuit stated further: "here, in a case in which the District Court slashed the Defendant's Guidelines sentence in half, no one could doubt the Guidelines were advisory. Id. at page 13302, *27.

The Defendant respectfully contends that Benkahla in informative herein in that it upheld the application of the terrorism enhancement on the facts of the case stating that the enhancement was doing just what it ought to do: "Punishing more harshly than other criminals those whose wrongs served an end more terrible than other crimes." Yet, the Court found no problem with the variance imposed. The movant herein acknowledges that his request for a variance is based upon §3553(a) and §3553(a)(2) and the history and characteristics of the defendant, yet contends that a variance is still appropriate in his case.

As this Court is well aware, in United States v. Booker, §43 U.S. 220, 245 (2005), the Supreme Court rendered the Sentencing Guidelines "effectively advisory." Nevertheless, District Courts in the Post-Booker landscape must follow specific steps to arrive at an appropriate sentence.

First, the District Court must correctly calculate a Defendant's sentence under the now-advisory guidelines See Gall v. United States, 522 U.S. _____, 128 S.Ct. 586, 596 (2007) ("As a matter of administration and to secure nationwide consistency, the guidelines should be the starting point and the initial benchmark."); Rita v. United States, 551 U.S. _____, 127 s.Ct. 2456, 2465, 168 L.Ed.2d 2003(2007). A Sentence based upon an improperly calculated guideline range will be found unreasonable and vacated. See Gall v. United States, 128 S.Ct. At 597 (noting that improperly calculating the applicable guideline range constitutes a "significant procedural error").

Next, te District Court must allow both parties an opportunity to argue for whatever sentence they deem appropriate. Gall v. United States, 128 S.Ct. At 596. In light of these arguments, the District Court must then "consider all of the §3553(a) factors" Id., keeping in mind the overarching provision instructing District Courts to "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing." Kimbrough v. United States, 128S.Ct. 558, 570, 169 L.Ed.2d 481 (2007)(quoting 18 U.S.C. §3553(a)). In so doing, the Court "must make an individual assessment based on the facts presented" and cannot "presume that the guideline range is reasonable." Gall v. United States, 128 S.Ct. At 596-97. If the sentencing Court believes "an outside-guideline sentence is warranted, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 5997.

Finally, the District Court "must adequately explain the chosen sentence." Id. This "allows the meaningful appellate review" and "promote(s) the perception of fair sentencing." Notably, if the Court imposes "an unusually lenient or unusually harsh sentence", it must proved "sufficient justification" for its selection. Id. at 594; see also Rita v. United States, 127 S.Ct. at 2468 (stating that the sentencing Judge should set forth enough to satisfy the Appellate Court that he has a reasoned basis for his own legal decision making authority).

Under Booker v. United States the Appellate Court reviews all sentences for reasonableness. As the Supreme Court stated in Gall v. United States "all sentences- whether inside, just outside, or significantly outside the Guideline range - are reviewed under a deferential abuse of discretion standard. Id., 128 S.Ct. at 591; See also United States v. Abu Ali, 528 F.3d 210 (4th Cir. 2008). While an Appellate Court may presume a sentence outside the

7

range to be unreasonable.  Gall v. United States at 597.  The Supreme Court also noted that a District Court "may not presume that the Guideline range is reasonable."  Id.

Drugs are certainly a scourge on our society and the Defendant acknowledges his wrongdoing and the need for a just, reasonable punishment.  He contends that the interest of justice would be served as well in his case with a fairly significant lesser sentence than the proposed by the Government and Probation Office.

Respectfully submitted this the 11th day of May, 2009.

        CRUMPLER FREEDMAN PARKER & WITT
        Attorneys for the Defendant

By:/s David B. Freedman
    David B. Freedman
    301 N. Main Street, Suite 1100
    Winston-Salem, NC 27101
    Tel. (336) 725-1304
    NC State Bar No. 10334
    david@cfpwlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>CRUZ EDUARDO VALENCIA-ADATA )<br>a.k.a "Marco Antonio Valencia" | **CERTIFICATE OF SERVICE**<br>5:08-CR-75-FL |

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for the defendant and is a person of such age and discretion as to be competent to serve process.

That on the 11th day of May, 2009, he electronically filed the foregoing **SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANT SENTENCE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

ADDRESSEE:

      Mr. Brian Scott Myers
      Assistant United States Attorney
      310 New Bern Avenue
      Raleigh, NC 27601
      brian.s.myers@usdoj.gov

      CRUMPLER FREEDMAN PARKER & WITT
      Attorneys for the Defendant

      By:/s/ David B. Freedman
      David B. Freedman
      301 North Main Street, Suite 1100
      Winston-Salem, NC 27101
      (336) 725-1304
      State Bar No. 10334
      david@cfpwlaw.com