AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Eastern District of North Carolina |
|---|---|---|
| Name (under which you were convicted): Cruz Eduardo Valencia-Adata | | Docket or Case No.: 5:08-CR-75-1-FL |
| Place of Confinement: FCI Estill, P.O. Box 699, Estill, SC 29918 | Prisoner No.: 51077-056 | |
| UNITED STATES OF AMERICA  v. | Movant (include name under which convicted) Cruz Eduardo Valencia-Adata | |

## MOTION

**FILED**
OCT 22 2019
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court
   For the Eastern District of North Carolina
   413 Middle Street
   New Bern, NC 28560

   (b) Criminal docket or case number (if you know): 5:08-CR-75-1-FL

2. (a) Date of the judgment of conviction (if you know): 05-12-2009
   (b) Date of sentencing: 05-12-2009

3. Length of sentence: 292 months on Count 1, a term of 120 months on Count 2, and a term of 240 months on Count 3, all terms to be served concurrently.

4. Nature of crime (all counts):

   Count 1: Conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation to 21 U.S.C. §846.
   Count 2: Possession of firearms by an illegal alien, in violation of 18 U.S.C. §922(g)(5).
   Count 3: Conspiracy to launder monetary instruments, in violation of 18 U.S.C. §1956(h).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

Page 3 of 13

Case 5:08-cr-00075-FL   Document 107   Filed 10/22/19   Page 2 of 16

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
　　　Yes ☐　　No ☐
(7) Result: _____
(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____
(2) Docket of case number (if you know): _____
(3) Date of filing (if you know): _____
(4) Nature of the proceeding: _____
(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
　　　Yes ☐　　No ☐
(7) Result: _____
(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
　(1) First petition:　　Yes ☐　　No ☐
　(2) Second petition:　Yes ☐　　No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** <u>Movant Is Actually Innocent of possessing a firearm by a</u>
<u>illegal alien.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Before Rehaif v. United States, the Government only had to prove a person charged with a §922(g) offense knew he possessed a firearm. The Government di not have to prove that the accused person knew that he belonged to the relevant category of persons barred from possessing firearms that made possession of a firearm illegal. Rehaif held that that was wrong - to obtain a conviction under §922(g), the Government now has to prove both that a defendant knew he possessed a firearm, and that he knew he belonged to the relevant category of persons barred from possessing firearms. The same principle that governs over Rehaif v. United States applies to the Movant"s conviction under 18 U.S.C. §922(g)(5) and 924(a)(2). The facts that support this Ground are accuratelly set forth in the attached section 2255 Motion Continuation Pages: (Attachment A.0 to A.3).

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

§2255 MOTION CONTINUATION PAGES

"ATTACHMENT A.0"

Movant most humbly and respectfully requests this Honorable Court to construe his pleadings (for he is unlearned to the Science of Law) **liberally** pursuant to the doctrine of **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) and **broadly** pursuant to the doctrine of **Cruz v. Gomez** 202 F.3d 593 (2nd Circuit 2000).

This Ground involves a claim of **Actual Innocence**, see **McQuiggin v. Perkins.**

-SUPPORTING FACTS-

Before Rehaif v. United States, the Governmant **only** had to prove a person charged with a §922(g) offense knew he possessed a firearm. The Government did not have to prove that the accused person **knew** that he belonged to the relevant category of persons barred from possessing firearms that made possession of a firearm illegal. Rehaif held that **that was wrong** -to obtain a conviction under §922(g), the Government **now** has to prove **both** that a defendant **knew** he possessed a firearm, **and** that he **knew** he belonged to the relevant category of persons barred from possessing firearms. The same principle that governs over **Rehaif v. United States** applies to the Movant's conviction under 18 U.S.C. §922(g)(1) and §924(a)(2).

By the time of his arrest, Movant had not finished High School, therefore, if Movant was illiterate, how could he understand the Science of Law, which is more complex, especially if it has not been

explained to him? Besides, Movant did not know - and was never told- that the word knowingly in 18 U.S.C. §924(a)(2) applies both to the Movant's conduct and to the Movant's status. Movant is therefore Actually Innocent of this crime.

The matter of proving beyond a reasonable doubt that the Movant had a guilty state of mind required by the statute's language and purposes of §922(g) and §924(a)(2) is paramount. Some may imply that a convicted felon receives a Judgement and Commitment and therefore should know that he is barred from possessing firearms. But this argument lacks logic, for it contains a fact and a suppossition. Who can assure that the convict has read the Judgement and Commitment, or evenmore, assure that he understands what he read, especially when illiterate? What about the foreigner who is illiterate to the English language? That is like saying a person assumes he knows how to use a certain appliance he just bought simply because he owned a previous model and therefore doesn't need to read the owner's manual.

Even more important, how can it be assumed that an illiterate convict knows that he is barred from possessing a firearm if his comprehension of the complexities of the Science of Law is uncertain at best because he is unlearned?

This is a crucial element which congress has the responsability to solve. Perhaps congress should order State and Federal Judges to tell the convict, during his sentencing, that he is barred from

possessing firearms, and making sure that he understands that from that very moment forward, he belongs to the relevant category of persons barred from possessing firearms, for once there exists a written Court record (transcripts), then the status element (cf. illegal alien, convicted felon, etc.) will be satisfied and the conviction for knowingly violating the statutes of §922(g) and §924(a)(2) will be innevitable. Just because the statute lists a category or persons barred from possessing a firearm does not prove knowledge of violating the statute's elements, and therefore it cannot be self-satisfied. The Law is satisfied by FACTS not assumptions.

FACT. 1· Something that actually exists; an aspect of reality <it is a fact that all people are mortal>. ·FACTS include not just tangible things, actual occurrences, and relationships, but also states of mind such as intentions and holding of opinions. 2· An actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation <the Jury made a finding or fact> (Black's Law Dictionary).

Suppossition. An assumption that something is true, without proof of its veracity; the act of supposing (ibid).

To convict a defendant under 18 U.S.C. §922(g) and §924(a)(2), the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

"ATTACHMENT A.3"

By specifying that a defendant may be convicted only if he knowingly violates 18 U.S.C. §922(g), Congress intended to require the Government to establish that a defendant knew he violated the material elements of §922(g).

In conclusion, in a prosecution under 18 U.S.C. §922(g) and §924(a)(2), the Governmant must prove beyond a reasonable doubt both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

For a thorough analysis on the Movant's Supporting Facts, see the attached Exhibit A (the opinion of the United States Supreme Court regarding violating 18 U.S.C. §922(g) and §924(a)(2) by Justice Breyer).

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):




(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One of Movant's Motion has never been presented in any Federal Court because Movant did not know -and was never told- that the Government must prove both that the Movant knew he possessed firearms, and that the Movant belonged to the relevant category of persons barred from possessing firearms.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: James Ashley Pearce
5 West Hargett St. #1010, Raleigh, NC 27601

(b) At the arraignment and plea: David Bruce Freedman
301 N Main St. Suite 1100, Winston Salem, NC 27101

(c) At the trial:

(d) At sentencing: David Bruce Freedman
301 N Main St. Suite 1100, Winston Salem, NC 27101

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

A movant can overcome the one-year statute of limitations for filing a §2255 Motion by asserting a credible claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). To establish actual innocence, the movant must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Id. (citing Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. @d 808 (1995)).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Movant asks that the Court grant the following relief:
The Movant (Cruz Eduardo Valencia-Adata), most humbly and respectfully requests Honorable Chief United States District Judge, louise W. Flanagan, to VACATE his sentence on Count 2: 18 U.S.C. §§922(g)(5) and 924.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  October 15, 2019  .
(month, date, year)

Executed (signed) on  October 15, 2019  (date)

*Cruz Valencia*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.