IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-00075-FL
No. 5:19-CV-00466-FL

**Cruz Eduardo Valencia-Adata,**

    Petitioner,

v.

**United States of America**,

    Respondent.

**Memorandum & Recommendation**

    Petitioner Cruz Eduardo Valencia-Adata, proceeding under 28 U.S.C. § 2255, seeks to vacate the 235-month sentence the district court imposed after he pleaded guilty plea to charges of conspiracy to distribute cocaine, possession of a firearm by an illegal alien, and conspiracy to launder monetary instruments. D.E. 73, 87, 96.

    Valencia-Adata claims he is entitled to relief because he is actually innocent of the firearm conviction. Relying on *Rehaif* v. *United States*, 139 S. Ct. 2191 (2019), Valencia-Adata contends the Government failed to prove that he fell into one of the categories of persons prohibited from possessing a firearm. The Government has moved to dismiss Valencia-Adata's motion. D.E. 115.

    After reviewing the docket and the arguments of the parties, the undersigned finds that Valencia-Adata is not entitled to the relief he seeks under *Rehaif*. The undersigned thus recommends[1] that the court deny Valencia-Adata's Motion to Vacate (D.E. 107) and grant the Government's Motion to Dismiss (D.E. 115).

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation under 28 U.S.C. § 636(b)(1).

## I. Background

In March 2008, a federal grand jury indicted Valencia-Adata and, three months later, filed a superceding indictment. D.E. 15, 31. A second superceding indictment filed in October 2008 charged Valencia-Adata with three counts: conspiracy to distribute and possession with the intent to distribute five kilograms or more of cocaine (Count I), possession of a firearm by an illegal alien (Count II), and conspiracy to launder monetary instruments (Count III). D.E. 65. Valencia-Adata pleaded guilty to the three charges in January 2009. D.E. 73.

Four months later, the court sentenced Valencia-Adata to concurrent terms of 292 months in prison on Count I, 120 months on Count II, and 240 months on Count III. D.E. 82, 87. Valencia-Adata did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

Following amendments to the Drug Quantity Tables in the United States Sentencing Guidelines, Valencia-Adata moved to reduce his sentence in December 2014. D.E. 91. Finding his motion meritorious, the court resentenced Valencia-Adata in March 2015 to concurrent terms of 235 months in prison on Counts I and III and 120 months on Count II. D.E. 96. Valencia-Adata did not appeal the reduced sentence.

Valencia-Adata filed the present § 2255 motion in October 2019, alleging actual innocence of the firearms conviction under *Rehaif*. D.E. 107.

## II. Analysis

### A. Standard of Review for § 2255 Petitions

To prevail on his Motion to Vacate, Valencia-Adata must show that (1) the district court imposed a sentence that violated the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" about the petitioner's motion. 28 U.S.C. § 2255(b). But ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller* v. *United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure apply to a § 2255 motion only if they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. The court will apply the standard for Rule 12(b)(6) motions in considering the motion to dismiss because there is no conflict between the rule and the provision mentioned in the prior sentence.

The Supreme Court has explained that to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, while a court must accept all the factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents in the public record, *Philips* v. *Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory or just a formulaic recitation of the elements

3

of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

B.      *Rehaif* v. *United States*

Valencia-Adata challenges his 2008 illegal alien in possession of a firearm conviction and the sentence imposed based on the decision in *Rehaif* v. *United States.* 139 S. Ct. 2191 (2019). The Government contends, and the undersigned agrees, that *Rehaif* provides Valencia-Adata no relief.

In *Rehaif*, the defendant was convicted under § 922(g)(5) for possessing a firearm while being an alien illegally or unlawfully in the United States. 139 S. Ct. 2191. The Supreme Court held that the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Id.* at 2195. Based on this ruling, Valencia-Adata contends that his conviction is invalid because the Government did not prove that Valencia-Adata knew he was barred from possessing a firearm.

The Government argues that Valencia-Adata has procedurally defaulted this issue by failing to raise it on direct appeal. *See Massarro* v. *United States*, 538 U.S. 500, 504 (2003) (noting that generally "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted). The court may only excuse a procedural default when a petitioner shows "cause and actual prejudice" or "actual innocence," *Bousley* v. *United States*, 523 U.S. 614, 622 (1998). But Valencia-Adata has neither alleged nor established facts that would excuse his procedural default.

"[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States* v. *Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). A later change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised." *Id.* The futility of raising an issue does not establish cause. *United States* v. *Pettiford*, 612 F.3d 270, 281 (4th Cir. 2010).

To show actual prejudice, a petitioner must prove that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See *United States* v. *Frady*, 456 U.S. 152, 170 (1982). To show actual innocence, a petitioner must show that he "has been incarcerated for a crime he did not commit." *United States* v. *Jones*, 758 F.3d 579, 584 (4th Cir. 2014), *cert. denied*, 135 U.S. 1467 (2015). Actual innocence depends on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *See Mikalajunas*, 186 F.3d at 494.

Valencia-Adata has shown neither cause nor prejudice. Although *Rehaif* was decided years after his resentencing, the lack of case law supporting his position does negate the existence of a legal basis for his claim at that time. Nor does it appear that Valencia-Adata can make a showing of prejudice where the one conviction and sentence he challenges—possession of firearms by an illegal alien—carries the lowest term of his three concurrent sentences.

Valencia-Adata claims, in general terms, that he is actually innocent of the charge. But Valencia-Adata's challenge lacks merit because he pleaded guilty to being an illegal alien in possession of a firearm. He maintains neither that he was unaware that he was in the country illegally nor that he possessed a firearm. Instead, he argues only that the Government offered no

5

evidence to prove facts establishing that Valencia-Adata knew he was barred from possessing a firearm.

But the plea colloquy ensured that Valencia-Adata entered the guilty plea knowingly and voluntarily with an understanding of the consequences, including the minimum and maximum penalties he faced. The district court found that his guilty plea was supported by an independent factual basis. Having identified no error by the district court in accepting his guilty plea, Valencia-Adata's argument lacks merit.

And *Rehaif* did not announce a new rule of constitutional law but clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2). *See In re Palacios*, No. 19–12571-G, 2019 WL 3436454, at *1 (11th Cir. July 30, 2019) (holding that *Rehaif* did not announce a new rule of constitutional law). And the Supreme Court did not make *Rehaif* retroactive to cases on collateral review. *Id.*; *In re Wright*, ––– F.3d –––, 2019 WL 5800218, at *2 (11th Cir. Nov. 7, 2019). So there is no basis under *Rehaif* to refresh the running of the one-year statute of limitations for Section 2255 motions. *See* 28 U.S.C. § 2255(3). Given that Valencia-Adata's conviction became final in 2015 and he did not appeal, his claim under *Rehaif* is time-barred.

Finding that *Rehaif* provides no relief to Valencia-Adata, the undersigned recommends that court deny his motion on this issue.

### III. Conclusion

For these reasons, the undersigned recommends that the court deny Valencia-Adata's Motion to Vacate (D.E. 107) and grant the Government's Motion to Dismiss (D.E. 115).

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the

portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Date: January 31, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge