IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

CRUZ EDUARDO VALENCIA-ADATA

   THE MOVANT,

V.

UNITED STATES OF AMERICA

   THE RESPONDENT.

Case No. 5:08-CR-75-FL
No. 5:19-CV-466-FL

MOVANT'S RESPONSE TO U.S. MAGISTRATE JUDGE ROBERT T. NUMBERS, II'S
MEMORANDUM AND RECOMENDATION

Now comes, Cruz Eduardo Valencia-Adata, hereinafter, the Movant, a ProSe litigant, who most humbly and respectfully submits this Memorandum in response to U.S. Magistrate Judge Robert T. Numbers, II's Memorandum and Recomendation.

## I. ARGUMENT

The Movant in no moment seeks to disrespect Honorable Magistrate Judge Robert T. Numbers, II, on the contrary, the Movant acknowledges the Honorable Magistrate's superiority over the Science of Law. The Movant brings forth the following statement regarding on why he believes is entitled to relief.

The Movant is not denying knowing he was an illegal alien, neither knowledge of possessing a firearm. What the Movant is challenging is that he had no knowledge that he belonged to the relevant category

of persons barred from possessing firearms at the time he possessed the firearms, and furthermore, that he did not know that his behavior was affecting interstate commerce.

Now, the Movant does disagree that because he plead guilty this implies that he waived all his rights to challenge his conviction. As Honorable Chief Judge Louise Wood Flanagan can verify, the Movant's Plea Agreement <u>does not</u> say, anywhere, that the Movant was explained neither by the Government nor his lawyer the material elements that needed to be met in order to be convicted under Title 18 U.S.C. §922 (g)(5) and §924(a)(2), the Plea Agreement only says:

(3) Elements:

<u>First</u>: The Defendant, on or about February 19, 2008, knowingly possessed a .40 caliber Glock handgun and a Winchester, Model 1400, 12 gauge shotgun on or about February 19, 2008;

<u>Second</u>: the firearms traveled in interstate commerce; and

<u>Third</u>: at the time the Defendant possessed the firearm, he was an alien illegally and unlawfully in the United States.

Then, the Plea Agreement moves forward to state the penalty set for violating §922(g)(5) and §924(a)(2). The Plea Agreement states only that the Movant knew he had firearms and that at the time he had the firearms he was an illegal allien, but <u>fails</u> to declare that he belonged to the relevant category of persons barred from possessing firearms at the time he possessed the firearms, and furthermore, that he did know that his behavior was affecting interstate commerce.

(please see Memorandum of Plea Agreement, Document 73, filed 01/07/09).

Also, the Movant is not claiming to have a <u>Rehaif case</u>, for the difference is obvious between both cases. The Movant filed a §2255 under <u>actual innocence</u> for the Movant avers that if his sufficiency-of-the-evidence challenge were evaluated according to the standard set forth in <u>Rehaif</u>, the evidence that the Government admitted would be inadequate to support his conviction, that is, the evidence presented by the Government at the time the Movant plead guilty was insufficient to <u>prove</u> that the Movant "KNEW" that he belonged to the relevant category of persons barred from possessing firearms at the time he possessed the firearms, and furthermore, that he did not know that his behavior was affecting interstate commerce. As Justice Breyer states in his opinion of the Supreme Court, "His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach."

Therefore, the Movant's claim is straight forward, his conviction and sentence on Count Two(2) is <u>unconstitutional</u> because the Movant does not meet the language and purpose of the material elements of Title 18 U.S.C. §922(g)(5) and §924(a)(2) as set forth by Congress. The Movant's behavior never violated the "KNOWINGLY" clause (material element) "REQUIRED" in order to be convicted under Title 18 U.S.C. §922(g)(5) and §924(a)(2).

"Unless the Government proves beyond a reasonable doubt that the defendant has committed "EVERY ELEMENT" of the offense with which he is charged, you must find him not guilty." (Devitt and Blackmar, Federal Jury Practice and Instructions, 3rd. Ed., 1977 Section 11.15) (emphasis added).

Moreover, nothing handed down by Congress holds sentences under Title 18 U.S.C. §922(g)(5) and §924(a)(2) to be contingent with supposition, that is, to assume that the Movant's conduct was meant to violate the Law. Therefore, the Movant rightly challenges his conviction and sentence based upon the prosecutor's misapplication of Law, which led this Honorable Court to believe that the Movant violated **"ALL"** the material elements of Title 18 U.S.C. §922(g)(5) and §924(a)(2).

"Sentences are illegal or unlawful if imposed **'WITHOUT'** or in **'EXCESS'** of statutory authority" (<u>Sun Bear v. United States</u>, 664 F.3d 700 (8th Cir. 2011)(en banc)(emphasis added). By being misled by the prosecutor's offer in the Plea Agreement, and his lawyer's advise, the Movant agreed to a plea, when he was not told by either party or the Plea itself (see exhibit A) that he did not meet the language and purpose of Title 18 U.S.C. §922(g)(5) and §924(a)(2).

Nowhere in the Plea Agreement proves that the Movant was explained the Material Elemenets of Title 18 U.S.C. §922(g)(5) and §924(a)(2) in order to **"KNOWINGLY"** and **"INTELLIGENTLY"** accept a plea of guilty. Therefore, during the Change of Plea Hearing, when the Honorable Court asked the Movant if he understood everything the lawyer said to him about what is written in the Plea Agreement, the only possible response was <u>yes</u> to what it is in black and white, but still, the material elements of the crime have not been explained nor mentioned.

The Plea Agreement failed to state the Factual Basis of the Crime, that is, the real notice of the true nature of the crime against the

Movant. Therefore, the Movant avers that a plea of guilty is "CONSTITUTIONALLY VALID" only to the extent it is "VOLUNTARY" and "INTELLIGENT." See Brady v. United States, 397 U.S. 742, 748 (1970). A Plea does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of Due Process." See Smith v. O'Grady, 312 U.S. 329, 334 (1941).

The Movant's plea of guilty to the charge was predicated upon the advise of his defense counsel, who believed that the mere possession of firearms by an illegal alien was a violation of §922(g)(5) and §924(a)(2). Furthermore, this erroneous belief was also held by the prosecuting attorney who drafted the Indictment and the District Court Judge who found a factual basis for the Movant's guilty plea. In fact, however, this belief by the Movant, his attorney, the prosecutor and the Court was erroneous. Simple possession of firearms by the Movant was not illegal. The Movant's guilty plea was "NOT" entered knowingly and voluntarily because he did not receive real notice of the true nature of the charge against him. Therefore, this should give merit to "VACATE" the Movant's conviction and sentence under Title 18 U.S.C. §922(g)(5) and §924(a)(2) charge.

Congress created the Law, and given the inherent connection between the crime and its stated punishment, Congress included within the Statutes, the material elements which are "REQUIRED" to be satisfied in order to "LEGALLY" sentence a defendant to a certain number of years in prison. These material elements work as the links of a chain, if one of these links is "MISSING" then the chain is broken, and

therefore, the material elements of the Statute **"HAVE NOT"** been satisfied/met in order to find a defendant guilty as charged, that is, there has been **"NO VIOLATION"** to the Statute, in the Movant's case, the **"KNOWINGLY"** element has not been met, for the Movant did not know he belonged to the relevant category of persons barred from possessing firearms at the time he possessed the firearms, and furthermore, the Movant did not know that his behavior was affecting interstate commerce.

It is well to recall that offenses "consist of the essential elements of the crime." <u>United States v. Brown</u>, 119 Fed App'x 494, 498 (4th Cir. 2005)(quoting <u>United States v. Harris</u>, 128 F.3d 850, 854 (4th Cir. 1997))(internatl quotation marks omitted). And, it is settled that a "criminal law provision is made up of **"MATERIAL ELEMENTS."** These are the pieces of a crime, each of which must be proven beyond a reasonable doubt to the fact finder in the case." Jens David Ohlin, Criminal Law:Doctrine, Application, and Practice 20 (2d ed. 2018) (emphasis added). Furthermore, the Due Process Clause requires the prosecution to prove beyond reasonable doubt each element of the offense. <u>Patterson v. New York</u>, 432 U.S. 197, 215, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977)(noting that Supreme Court "held that a State must prove every ingredient of an offense beyond reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense"); <u>see also</u> Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, Fed. Jury Practice & Instructions 161 (6th ed. 2008)("The burden is always upon the prosecution to prove guilt beyond a reasonable doubt").

To support issuance of a warrant for arrest, "[e]vidence sufficient to secure a conviction is not required, but probable cause exists only if there is sufficient evidence on which a reasonable officer at the time could have believed that probable cause existed for the arrest." Hupp v. Cook, 931 F.3d 307, 318 (4th Cir. 2019). That is, "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." Sennett v. United States, 667 F.3d 531, 535 (4th Cir. 2012)(quoting Adams v. Williams, 407 U.S. 143, 149 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972))(internal quotation marks omitted). This Honorable Court is obliged by Congress to consider centrally the elements of the crimes charged.

In the Movant's case, the Government manipulated the Statute to "FILL IN" a missing material elements, and by doing so, the prosecution performed a task outside the bounds of judicial interpretation. Therefore, this action made the Movant's conviction and sentence unconstitutional, illegal or unlawful. This Honorable Court may find that the Movant is entitled to relief because the Law was manipulated in order to "FILL IN" a missing material element, the evidence that the Government admitted is inadequate to support the Movant's conviction, rather, if the Movant's sufficiency-of-the-evidence challenge were evaluated according to the standard set forth in Refaif, this Honorable Court will find that the evidence presented by the Government at the time the Movant plead guilty was insufficient to prove that the Movant "KNEW" he belonged to the relevant category of persons barred from possessing firearms at the time he possessed the firearms, and furthermore, that the Movant "KNEW" that his behavior was affecting

interstate commerce.

Finally, the Government alleges that the Movant entered a valid guilty plea, and alleges that the Movant had knowledge of being an illegal alien and that he knew he possessed firearms, these statements are true, nevertheless, none of these assertions **"PROVE"** that the Movant, as an illegal alien, **"KNEW"** that he belonged to the relevant category of persons barred from possessing firearms at the time he possessed the firearms, and furthermore, that the Movant **"KNEW"** that his behavior was affecting interstate commerce. According to Justice Breyer, the Movant's "behavior may instead be an <u>innocent mistake</u> to which criminal sanctions normally <u>do not</u> attach."(emphasis added).

**"KNOWINGLY"** means that the act was done **"VOLUNTARILY"** and **"INTENTIONALLY"**, <u>not because</u> of mistake or accident. Knowledge on the part of the Movant **"CANNOT"** be established merely by demonstrating that the Movant, as an illegal alien, was in possession of firearms. Accordingly, since the Government **"FAILED"** to <u>prove</u> the Movant's **"MENS REA"** his conviction and sentence on Count Two(2) under Title 18 U.S.C. §922(g)(5) and §924(a)(2) must be **"VACATED."**

## II. CONCLUSION

To convict the Movant under Title 18 U.S.C. §922(g)(5) and §924(a)(2), the Government therefore must prove that the Movant **"KNEW"** he possessed a firearm **"AND ALSO"** that the Movant **"KNEW"** he belonged to the relevant category of persons barred from possessing firearms at the time he possessed the firearms, and furthermore, that the Movant **"KNEW"** that his behavior was affecting interstate commerce.

evenmore, by specifying that the Movant may be convicted **"ONLY"** if he **"KNOWINGLY,"** that is, not by mistake or accident, violates Title 18 U.S.C. §922(g)(5) and §924(a)(2), Congress intended to **"REQUIRE"** the Government to **"ESTABLISH"** that the Movant **"KNEW"** he violated the material elements [REQUIRED] by the Statute, that is, that the Movant had knowledge that his actions and behavior had the intention to violate the Law.

Accordingly, for the reasons and authorities stated herein, the Movant's conviction and sentence under Title 18 U.S.C. §922(g)(5) and §924(a)(2) is **"UNCONSTITUTIONAL,"** and therefore must be **"VACATED."** May our LORD JESUS CHRIST guide this Honorable Court as she rules upon this motion, AMEN.

Respectfully submitted this 5th day of february, 2020.

*Cruz Valencia*
Cruz Eduardo Valencia-Adata
Reg. No. 51077-056
FCI Estill
P.O. Box 699
Estill, SC 29918

## III. VERIFICATION

I, Cruz Eduardo Valencia-Adata, hereby verify that the information provided herein, is true and accurate to the best of my knowledge under penalty of perjury 28 U.S.C. §1746; 18 U.S.C. §1621.

This 5th day of february, 2020

*Cruz Valencia*
Cruz Eduardo Valencia-Adata
Reg. No. 51077-056
FCI Estill
P.O. Box 699
Estill, SC 29918

## IV. CERTIFICATE OF SERVICE

I, Cruz Eduardo Valencia-Adata, hereby certify that on February 5th, 2020, a true and correct copy of the foregoing was deposited in the Prison Legal Mailing System addressed to the AUSA on record. Certified Mail 7019 0700 0001 6194 2089.

Executed on this 4th day of February, 2020.

*Cruz Valencia*
Cruz Eduardo Valencia-Adata
Reg. No. 51077-056
FCI Estill
P.O. Box 699
Estill, SC 29918

EXHIBIT A

MEMORANDUM OF PLEA AGREEMENT

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 5:08-CR-75-FL

FILED IN OPEN COURT
ON 1/7/09
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

UNITED STATES OF AMERICA )
)
)
v. )
) MEMORANDUM OF PLEA AGREEMENT
CRUZ EDUARDO VALENCIA-ADATA )
    a/k/a )
    "Marco Antonio Valencia" and )
    "Lalo" )
)

    The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's Attorney, David B. Freedman, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

    1.    This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

    2.    The Defendant agrees:

    a.    To waive indictment and plead guilty to the Criminal Information herein.

    b.    To make restitution to any victim including any victim with respect to a Count dismissed as part of the agreement in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately.

    c.    To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the

  conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

d.  To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e.  To assist the United States in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control. Specifically, the Defendant agrees to voluntarily forfeit and relinquish to the United States the property specified in the Criminal Information. The Defendant further agrees to sign any documents necessary to effectuate the forfeiture and waives any further notice. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Criminal Information. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations. Forfeited firearms will be ordered destroyed.

f.  To pay a special assessment of $300.00, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC.

g.  To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC

2

no later than two weeks after the entry of the guilty plea.

h. To abide by any conditions of release pending sentencing and report timely for service of sentence.

i. Whenever called upon to do so by the United States, (1) to disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the Criminal Information and any other crimes of which the Defendant has knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant withdraws from this plea agreement or is allowed to withdraw the guilty plea.

j. If the Defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

k. To submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible only at the Defendant's sentencing, and at any hearing as to whether there has been a breach of this agreement. The United States may rely on these results in determining whether the Defendant has fulfilled any obligation under this Agreement.

3. The Defendant understands, agrees, and admits:

a. That as to each count of the Information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

3

**Count One:**

(1) Charge: Conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance

(2) Code Section violated: <u>21 U.S.C. § 846</u>

(3) Elements:
<u>First</u>: That beginning in or about early 2006, and continuing until on or about February 19, 2008, the Defendant and others, both known and unknown, conspired together to unlawfully and intentionally distribute and possess with intent to distribute five (5) kilograms or more of cocaine;

<u>Second</u>: the defendant knew of the unlawful purpose of the agreement;

<u>Third</u>: the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

(4) Maximum term of imprisonment: Life.

(5) Minimum term of imprisonment: 10 years.

(6) Maximum term of supervised release: 5 years.

(7) Maximum term of imprisonment upon revocation of supervised release: 5 years.

(8) Maximum fine: $4,000,000.

(9) Restitution pursuant to 18 U.S.C. §§3663 and 3663A, as agreed to in Paragraph 2(b) above.

(10) Special assessment: $100.

**Count Two:**

(1) Charge: Possession of firearms by an illegal alien

(2) Code Section violated: <u>18 U.S.C. § 922(g)(5)</u>

4

(3) Elements:

> First: The Defendant, on or about February 19, 2008, knowingly possessed a .40 caliber Glock handgun and a Winchester, Model 1400, 12 gauge shotgun on or about February 19, 2008;
>
> Second: the firearms traveled in interstate commerce; and
>
> Third: at the time the Defendant possessed the firearm, he was an alien illegally and unlawfully in the United States.

(4) Maximum term of imprisonment: <u>10 years</u> (or <u>Life</u> if found to be an Armed Career Criminal under 18 U.S.C. § 924(e))

(5) Minimum term of imprisonment: <u>None</u> (or <u>15 years</u> if found to be an Armed Career Criminal under 18 U.S.C. § 924(e))

(6) Maximum term of supervised release: <u>3 years</u> (or <u>5 years</u> if found to be an Armed Career Criminal under 18 U.S.C. § 924(e))

(7) Maximum term of imprisonment upon revocation of supervised release: <u>3 years</u> (or <u>5 years</u> if found to be an Armed Career Criminal under 18 U.S.C. § 924(e))

(8) Maximum fine: <u>$250,000</u>

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

(10) Special assessment: <u>$100</u>.

**Count Three:**

(1) Charge: Conspiracy to Launder Monetary Instruments

5

(2) Code Section violated: <u>18 United States Code §1956(h)</u>

(3) Elements:

First: Beginning in or about July 2006 and continuing thereafter up to on or about February 19, 2008, an agreement to violate money laundering laws existed between two or more persons;

Second: The Defendant knew of the unlawful purpose of the conspiracy;

Third: The Defendant knowingly and voluntarily became a part of this conspiracy.

(4) Maximum term of imprisonment: <u>20 years</u>

(5) Minimum term of imprisonment: <u>None</u>

(6) Maximum term of supervised release: <u>3 years</u>

(7) Maximum term of imprisonment upon revocation of supervised release: <u>2 years</u>

(8) Maximum fine: <u>$500,000</u> or <u>twice the value of the property involved in the transactions, whichever is greater</u>.

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

(10) Special assessment: <u>$100</u>

<u>Total Statutory Maximum Sentence</u>: Life plus 30 years imprisonment, whichever is greater a $4,750,000 fine or $4,250,000 plus twice the value of the property involved in the money laundering transactions, 5 years supervised release, $300 special assessment.

b. That any sentence imposed will be without parole.

c. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been

6

        determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

    d.    That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The United States agrees:

    a.    It will dismiss the Indictment currently pending against Defendant in case number 5:08-CR-75-FL.

    b.    That it reserves the right to make a sentence recommendation.

    c.    That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions or objections filed by the Defendant.

    d.    That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Indictment; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

    e.    That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

    f.    Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by §1B1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

7

g.  That the USA-EDNC agrees not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

h.  That the USA-EDNC agrees not to directly use information provided by the defendant pursuant to this plea agreement to prosecute the defendant for additional criminal offenses, except for crimes of violence, but the USA-EDNC may make derivative use of such information and pursue any investigative leads suggested by such information.

i.  That the USA-EDNC agrees not to seek an enhanced penalty pursuant to 21 U.S.C. Section 851.

5. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

a.  A downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1.

This the 7th day of OCTOBER, 2008.

GEORGE E. B. HOLDING
United States Attorney

_Cruz Adata_
CRUZ EDUARDO VALENCIA-ADATA
Defendant

BY: _[signature]_
BRIAN S. MEYERS
Assistant United States Attorney
Criminal Division

_[signature]_
DAVID B. FREEDMAN
Attorney for the Defendant

APPROVED, this 7th day of January, 2009.

_[signature]_
United States District Judge

7/02/07 ed.

8