# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | | |
|---|---|---|
| **United States District Court** | District | Eastern District of North Carolina |
| Name (under which you were convicted):<br>Cruz Eduardo Valencia-Adata | | Docket or Case No.:<br>5:08-CR-75-FL |
| Place of Confinement:<br>USP Lewisburg | | Prisoner No.:<br>51077-056 |
| UNITED STATES OF AMERICA<br>V. | | Movant (include name under which convicted)<br>Cruz Eduardo Valencia-Adata |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court EDNC, Raleigh, NC

   (b) Criminal docket or case number (if you know): 5:08-CR-75-FL

2. (a) Date of the judgment of conviction (if you know): 5/12/2009
   (b) Date of sentencing: 5/12/2009

3. Length of sentence: 292 months

4. Nature of crime (all counts):

   Count 1: Conspiracy PWISD 5 kilos of more of cocaine, 21 USC 846
   Count 2: Illegal Alien in Possession of a Firearm 18 USC 922(g)
   Count 3: Conspiracy to Money Laundering, 18 USC 1956

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   1ss: Conspiracy PWISD 5 or more kilograms of Cocaine, 21 USC 846 - Guilty
   2ss: Possession of a Firearm by an Illegal alien, 18 USC 922(g) - Guilty
   3ss: Conspiracy to Launder Money, 18 USD 1956 - Guilty

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction? Yes ☐ No ✓

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ✓
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ✓   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: Eastern District of North Carolina
        (2) Docket or case number (if you know): 5:19-CV-466-FL
        (3) Date of filing (if you know): 10/22/2019

(4) Nature of the proceeding: 28 USC 2255

(5) Grounds raised:

Rehaif v. United States, 139 S. Ct. 2191 (2020), voids his guilty plea to Count 2ss, illegal alien in possession of a firearm, as this Court accepted it without advising Petitioner of the element requiring knowledge of his prohibited status under § 922(g).

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☑

(7) Result: USMJ issued M & R, recommending denial. District Court granted motion to withhold ruling.

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: Eastern District of North Carolina

(2) Docket of case number (if you know): 5:08-CR-75-FL

(3) Date of filing (if you know): 2/19/2016

(4) Nature of the proceeding: Motion Reduce Sentence, Counts 1 & 3

(5) Grounds raised:

Drug Quantity Table Amendment.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☑

(7) Result: Granted. Sentences for Counts 1 & 3 reduced from 292 to 235 months.

(8) Date of result (if you know): 3/15/2016

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☑
(2) Second petition:   Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

First petition held in abeyance, pending filing of the instant 2255 motion. Counsel will file Motion to withdraw first petition. Second motion granted, sentence reduced on Counts 1ss, 3ss, to 235 months.

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Rehaif v. United States, 139 S. Ct. 2191 (2020), voids his guilty plea as this Court accepted it without advising Geddie of the element requiring knowledge of his prohibited status under § 922(g).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Because the Court failed to advise Petitioner of an element of the offense to which he pled guilty on Count 2ss, the plea was not knowingly and intelligently made, and in turn, violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G). This error is structural. Indeed, in United States v. Gary, 954 F.3d 194, 198 (4th Cir. 2020), the Fourth Circuit held exactly as such under circumstances identical to those here: "Because the court accepted Gary's plea [to a § 922(g) offense] without giving him notice of an element of the offense [the Rehaif knowledge element], the court's error is structural." Id. Therefore, Gary dictates the vacatur of Petitioner's guilty plea on Count 2ss.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☑   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Pro Se 2255 Petition. Counsel will move to withdraw this Pro Set Petition.

Name and location of the court where the motion or petition was filed:
Eastern District of North Carolina

Docket or case number (if you know): 5:19-CV-466-FL
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

_____

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

   _____

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐   No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐   No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:

   _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

   _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐   No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, subsequent to Mr. Valencia-Adata's arraignment and sentencing the US Supreme Court decided Rehaif which held that a defendant's knowledge of his prohibited status is an element of a 18 USC §922.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ✓ No ☐

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    See 11(a), above.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    James Ashley Pearce

    (b) At the arraignment and plea:
    David Bruce Freedman

    (c) At the trial:

    (d) At sentencing:
    David Bruce Freedman

    (e) On appeal:

    (f) In any post-conviction proceeding:
    G. Alan DuBois, Sherri R. Alspaugh

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ✓ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ✓ No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    Eastern District of North Carolina, 5:08-CR-75-FL. Counts 1ss & 3ss.

    (b) Give the date the other sentence was imposed: 5/12/2009
    (c) Give the length of the other sentence: 292 months. Reduced to 235 months, 3/15/2016.
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    The one year clock has not run because it should begin from the date the U.S. Supreme Court rendered its decision in United States v. Rehaif on June 21, 2019. Under Teague v. Lane, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." Welch v. United States, __ U.S.__, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." Id. at 1264-65 (citation omitted). Rehaif does just that.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate his conviction.

or any other relief to which movant may be entitled.

/s/ James E. Todd, Jr.
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .
(month, date, year)

Executed (signed) on   6/17/2020   (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Appointed attorney is filing the motion on petitioner's behalf.