UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-466-FL
NO. 5:08-CR-075-FL

| | |
|---|---|
| CRUZ EDUARDO VALENCIA-ADATA | **MOTION TO REOPEN** |
| v. | **MOTION TO VACATE** |
| UNITED STATES OF AMERICA | |

COMES Defendant, Cruz Eduardo Valencia-Adata ("Valencia-Adata"), appearing *Pro Se*, and files his Motion to Reopen Motion to Vacate pursuant to 28 U.S.C. § 2255, and would show as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Valencia-Adata respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Wilson*, 699 F.3d 789 (4th Cir. 2012) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

## RELEVANT BACKGROUND

On October 22, 2019, Valencia-Adata filed a *Pro Se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support ("§ 2255 Motion"). See Docs. 107 & 108.[1]

On December 23, 2019, the government filed a Motion to Dismiss Valencia-Adata's § 2255 Motion and Memorandum of Law in Support. See Docs. 115 & 116.

---

[1]
"Doc." refers to the Docket Report in the United States District Court for the Eastern District of North Carolina, Western Division in Criminal No. 5:08-CR-075-FL, which is immediately followed by the Docket Entry Number.

On January 2, 2020, Valencia-Adata filed a Response in Opposition to the Motion to Dismiss. See Doc. 118.

On January 31, 2020, the Magistrate Judge filed a Memorandum and Recommendation recommending that Valencia-Adata's § 2255 Motion be dismissed. See Doc. 122.

On February 7, 2020, Valencia-Adata filed Objections to the Memorandum and Recommendation. See Doc. 123.

On February 20, 2020, the Court issued its Standing Order appointing the Federal Public Defender ("FPD") as counsel to determine whether Valencia-Adata may qualify to seek a reduction of sentence. See Doc. 125.

On June 17, 2020, the FPD filed an Amended § 2255 Motion on behalf of Valencia-Adata. See Doc. 131.

On June 18, 2020, Valencia-Adata, through counsel, filed a Motion to Voluntarily Dismiss his previously filed *Pro Se* § 2255 Motion [Docs. 107 & 108]. See Doc. 132.

On June 18, 2020, the Court issued an Order granting Valencia-Adata's Motion to Voluntarily Dismiss his *Pro Se* § 2255 Motion [Docs. 107 & 108]. See Doc. 133.

On August 4, 2020, the government filed a Motion to Stay pending issuance of the mandate in *United States v. Gary*, No. 18-4578. See Doc. 136.

On July 21, 2021, Counsel for Valencia-Adata and the government filed a Joint Motion to Set Briefing Schedule on Petitioner's *Rehaif* in light of the U. S. Supreme Court Decision in *Greer v. United States*, 593 U.S. ---, 2021 WL 2405146 (June 14, 2021) (reversing *Gary* and, inter alia, holding a *Rehaif* error is not structural). See Doc. 137. In that motion, the FPD for Valencia-Adata states that:

2

"If Petitioner consents to withdrawal of his *Rehaif*-based Section 2255 Motion, no further action will be necessary on that motion. In the event Petitioner does not consent to withdrawal, Respondent respectfully requests thirty (30) days in which to file its motion to dismiss Petitioner's *Rehaif*-based Section 2255 Motion and supporting memorandum."

*Id.* at ¶ 5.

On September 15, 2021, the FPD filed a Notice of Withdrawal of Motion to Vacate. See 139. In that motion, the FPD claims that "the Petitioner withdraws his previously filed motion to vacate. DE-131." See Doc. 139 at 1. However, Valencia-Adata never gave his consent to voluntarily withdraw his motion. As such, this Court never ruled on the merits of his § 2255 Motion, but instead, the Court dismissed Valencia-Adata's § 2255 Motion when it granted the FPD's Notice of Withdrawal of Motion to Vacate. Thus, Valencia-Adata moves this Court to Reopen his § 2255 Motion to rule on the merits.

## REASON TO REOPEN MOTION TO VACATE

Valencia-Adata's guilty plea under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019).

18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition. In *Rehaif,* the Supreme Court held that the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif,* 139 S. Ct. at 2200. In other words, an individual is not guilty of a § 922(g) offense unless he had knowledge of his prohibited status within one of the nine categories under the statute at the time he possessed a firearm.

3

In so holding, *Rehaif* abrogated longstanding precedent every federal court of appeals holding that a defendant's knowledge of his prohibited status is not an element of a § 922(g) offense. See *United States v. Rose,* 587 F.3d 695, 705-06 & n.9 (5th Cir. 2009).

*Rehaif* now voids Valencia-Adata's guilty plea because this Court accepted it without advising him of the element requiring knowledge of his prohibited status under § 922(g). Because the Court failed to advise Valencia-Adata of an element of the offense to which he pled guilty, the plea was not knowingly and intelligently made, and in turn, violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G).

The M & R The erroneously found that Valencia-Adata could not overcome the procedural bar in his case because *Rehaif* was not a new rule of constitutional law, and therefore not retroactive. In so finding, the M & R confused the standards for first and successive § 2255 motions. Only successive motions are governed by 28 U.S.C. § 2255(h)(2), which requires a "new rule of constitutional law made retroactive to cases on collateral review, by the Supreme Court." For first § 2255 motions, the question of retroactivity is governed by *Teague v. Lane*, 489 U.S. 288 (1989).

Under *Teague*, retroactivity is a "threshold question" on collateral review. While confirming that a new rule that "places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe'" is to be applied retroactively, *Teague* clarified that even a new constitutional rule will not be retroactive if it is simply a rule of "criminal procedure." *Id.* at 305-10. Applying *Teague*, the Supreme Court has described the crucial issue for retroactivity as being whether a new rule is "substantive" or "procedural." *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 1264-65. And, as the Supreme Court recognized in *Welch*, "this includes

4

decisions that narrow the scope of a criminal statute by interpreting its terms." *Id.* at 1265. See also, *Schiro v. Summerlin*, 542 U.S. 348, 351 (2004) ("decisions that narrow the scope of a criminal statute by interpreting its terms" apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal.").

*Rehaif* is exactly such a decision. Before *Rehaif*, the courts had expansively interpreted § 922(g) to punish the possession of firearms by individuals who fell within a prohibited class, even if they did not know that they fell within the class at the time they possessed the firearms. But *Rehaif* narrowed the scope of § 922(g) by interpreting it to require knowledge of one's prohibited status at the time a firearm is possessed. See *Rehaif*, 139 S.Ct. at 2201 (Alito, J. dissenting) (the majority's decision "overturns the long-established interpretation of ... 18 U.S.C. § 922(g), an interpretation that ha[d] been adopted by every single Court of Appeals to address the question"). In overturning this longstanding precedent, the Court altered the range of conduct and class of persons punishable under § 922(g). Therefore, *Rehaif* announced a substantive rule that is retroactive.

The Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), reinforces that *Rehaif* is retroactive. In *Bousley*, 523 U.S. at 620-21, the Supreme Court held that its decision in *Bailey v. United States*, 516 U.S. 137 (1995), was substantive, and therefore, retroactive. In *Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which at the time, only criminalized the "use" or "carr[ying]" of a firearm during and in relation to a crime of violence. Previously, some lower courts had interpreted the "use" language in the provision to require only accessibility and proximity to the firearm, not active employment of the firearm. But in *Bailey*, the Supreme Court held that "active employment" of the firearm was required under § 924(c)(1). *Id. at* 16 U.S. at 144. In *Bousley*, the Supreme Court ruled that *Bailey* announced a substantive (and, therefore, retroactive)

5

rule because it narrowed the scope of the § 924(c) statute by holding that the statute "does not reach certain conduct"—i.e., the non-active use of a firearm. *Bousley*, 523 U.S. at 620. Likewise, *Rehaif* announced a substantive (and, therefore, retroactive) rule because it narrowed the scope of the § 922(g) statute by holding that it does not reach certain conduct—i.e., the possession of a firearm by a defendant who, at the time, had no knowledge of his prohibited status.

In support of its claim that *Rehaif* did not announce a new rule of constitutional law, but clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2), the M & R cites *In re Palacios*, 931 F.3d 1314 (2019). See Doc. 108 at 6. However, *In re Palacios* is misplaced. The Court explained that it was impossible for the movant there to seek habeas relief because he was in a "second or successive" posture, and – as the panel had rightly noted in denying his request for authorization of a successive motion raising a *Rehaif* claim – the authorization of "second or successive" § 2255 motions is limited by 28 U.S.C. § 2255(h), only to those that contain a claim involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at 1315. In emphasizing that "*Rehaif* does not constitute a new rule of constitutional law" and suggesting that the more stringent § 2255(h)(2) retroactivity standard (requiring a new rule of constitutional law) governs Valencia-Adata's first § 2255 motion, the Magistrate Judge confused the standards governing first and second/successive § 2255 motions. As a threshold matter, the M & R ignored the very precise words Congress wrote in § 2255(h), which require a "new rule of constitutional law" ONLY when a movant seeks authorization for a second or successive § 2255 motion. They also failed to acknowledge, and indeed improperly ignored, the directly-on point Supreme Court precedents in *Teague*, *Welch*, and *Bousley*, which govern the retroactivity determination for all other cases on collateral review (that is, first § 2255 cases). See

6

*Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) (finding *Rehaif* applies retroactively on an initial § 2255 motion to vacate).

Given the above argument and authority, *Rehaif* was clearly retroactively applicable in this first § 2255 case, under *Teague* and its progeny. Indeed, in *North v. United States*, 2020 WL 2873626 (N.D.Ga. May 14, 2020), Judge Grimberg easily recognized that *In re Palacios* had only held that *Rehaif* is not retroactively applicable to support a second or successive § 2255 motion, and that "the circuit court has not determined whether *Rehaif* applies retroactively to petitioners filing their first § 2255 motion." *Id.* at *2. See also, *United States v. Roberts*, 2020 WL 6700918 at *1 n. 3 (E.D. Pa. Nov. 13, 2020) (recognizing that the standard for analyzing whether *Rehaif* should be applied retroactively differs depending upon whether the petition is a first or successive § 2255, and under the *Teague* analysis – *Rehaif* is retroactively applicable on collateral review"); *United States v. Dace*, 469 F. Supp.3d 1074, 1082 (D. Colo. June 24, 2020) ("I find that the Supreme Court in *Rehaif* announced a new rule, and that new rule applies retroactively to cases on collateral review because it is a substantive rather than procedural rule.").

## CONCLUSION

For the above and foregoing reasons, Valencia-Adata respectfully requests that the Court reopen his § 2255 Motion and allow for further briefing on his § 2255 Motion.

7

Respectfully submitted,

*Cruz Valencia*
CRUZ EDUARDO VALENCIA-ADATA
Reg. No. 51077-056
FCI OAKDALE II
FEDERAL CORR. INSTITUTION
P.O. BOX 5010
OAKDALE, LA 71463

## CERTIFICATE OF SERVICE

I hereby certify that on July _19_, 2022, a true and correct copy of the above and foregoing Motion to Reopen Motion to Vacate was sent via First Class U. S. Mail, postage prepaid, to ASIA J. PRINCE, Assistant United States Attorney at U. S. Attorney's Office, 150 Fayetteville Street, Suite 2100, Raleigh, NC 27601.

*Cruz Valencia*
CRUZ EDUARDO VALENCIA-ADATA

8