IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-75-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CRUZ EDUARDO VALENCIA-ADATA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reopen his previously dismissed motion to vacate under 28 U.S.C. § 2255 (DE 140). The government did not respond to the motion.

On May 12, 2009, the court sentenced defendant to 292 months' imprisonment following his convictions for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and possession of a firearm by an illegal alien. In 2019, defendant filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his firearm conviction should be vacated under Rehaif v. United States, 139 S. Ct. 2191 (2019). Following a lengthy stay pending resolution of cases in the Supreme Court, defendant, through counsel, voluntarily dismissed his § 2255 motion on September 15, 2021. Defendant now moves to "reopen" his § 2255 proceedings.

Because the § 2255 proceedings were voluntarily dismissed without prejudice, petitioner does not need court authorization to file a new § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits . . . is not a second or successive petition" requiring prefiling authorization from the court of appeals). However, to the extent defendant is seeking to reopen

the prior § 2255 proceedings in order to avoid a statute of limitations bar on a new § 2255 motion, the court declines to grant this relief where petitioner fails to establish grounds for relief from the prior dismissal. See Fed. R. Civ. P. 60(b); Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017).

In an abundance of caution, and where defendant is attempting to challenge his conviction or sentence, the court hereby provides defendant with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motion as an attempt to file motion to vacate under § 2255. Pursuant to Castro, the court warns defendant that if the motion is resolved on the merits, this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." 540 U.S. at 383; see also 28 U.S.C. §§ 2244, 2255(h). In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Castro, 540 U.S. at 383. The court also notifies defendant of the one year period of limitations for § 2255 motions, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

The court hereby permits defendant to file a response to the court's proposed recharacterization on the schedule set forth below. The court advises defendant that if, within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as arising under § 2255 and shall consider it filed as of the date the instant motion was filed. If, however, defendant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will dispose of the motion in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.

Based on the foregoing, defendant is DIRECTED to file response to this order addressing whether he consents to recharacterization of the instant motion (DE 140) as a § 2255 motion within **21 days** of entry of this order.

SO ORDERED, this the 30th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

3